## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**MELVIN B. BROWN**

**Defendant.**

**Criminal No.  03-0026 (JDB)**

## <u>MEMORANDUM OPINION & ORDER</u>

This criminal action has been remanded by the United States Court of Appeals for the

District of Columbia Circuit, consistent with the procedures established in <u>United States v. Coles</u>,

403 F.3d 764, 771 (D.C. Cir. 2005), "for the limited purpose of allowing [this Court] to determine

whether it would have imposed a different sentence, materially more favorable to the defendant,

had it been fully aware" at the sentencing hearing of the sea change in criminal sentencing law that

would follow from the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005).

On June 5, 2003, a jury convicted defendant Melvin B. Brown of unlawful possession of a firearm

by a felon, in violation of 18 U.S.C. § 922(g), but acquitted him of related charges of possession

with intent to distribute phencyclidine ("PCP") and using, carrying, or possessing a firearm in

furtherance of a drug-trafficking offense.  At Brown's sentencing on August 19, 2003, the Court

determined that the applicable sentencing range for the offense under the then-mandatory Federal

Sentencing Guidelines was a term of imprisonment between seventy-eight and ninety-seven

months, and, taking into account such factors as Brown's prior conduct and the seriousness of the

offense, the Court imposed a sentence near the top of that range:  ninety-six months, plus three

years of supervised release and a special-assessment fee of $100.

Seventeen months later, the Supreme Court decided Booker, which held that mandatory sentencing guidelines violated criminal defendants' Sixth Amendment rights to the extent that they used judicial fact-finding to trigger harsher penalties than otherwise could be imposed based solely on the facts found by the jury or admitted by the defendant.  See 543 U.S. at 243-44.  To cure that constitutional defect, the Supreme Court excised those portions of the Federal Sentencing Act that obligated judges to adhere to the Guidelines.  Id. at 245.  Following Booker, the Guidelines now are advisory -- merely one factor (though a significant factor) among several that a Court may consider in "exercis[ing its] discretion to select a specific sentence within a defined range" set by statute.  See id. at 233.  Booker's remedy thus ensured that a jury's guilty verdict provides constitutional support for a sentence up to the *statutory maximum* for the offense (notwithstanding the sentencing range recommended by the Guidelines) and also ensured that a sentencing court may consider whatever facts it deems relevant -- subject to limitations imposed by Congress -- in determining the appropriate penalty within the statutorily prescribed spectrum for an offense.

Because "both the Sixth Amendment holding [of Booker] and [Booker's] remedial interpretation of the Sentencing Act ... [applied] to all cases on direct review," id. at 268, and Brown's appeal was pending before the D.C. Circuit when Booker was decided, it was constitutional error for this Court to have used facts that were neither found by the jury nor admitted by the defendant when it sentenced Brown under the *mandatory* Guidelines regime.  By its limited remand, the D.C. Circuit has asked this Court to determine whether that Booker error was prejudicial to Brown -- that is, whether the Court would have imposed a lighter sentence had

it applied the Guidelines in an advisory fashion.  After careful review of the record and

consideration of the memoranda of the parties, the Court answers that question in the negative.

Even if the Court had sentenced Brown in accordance with the post-<u>Booker</u> sentencing regime,

the result of the sentencing hearing would not have been materially different, and certainly it

would not have been more favorable to defendant.

Brown's conviction arose out of events that occurred on December 23, 2002, in the

Northeast section of Washington, D.C.[1]  Shortly after midnight, police officers who were

surveilling the 2500 block of Pomeroy Road, an area known for PCP transactions, observed a man

wearing a distinctive red and black jacket (later identified as Brown) participating in conduct that

was consistent with the sale of drugs -- specifically, approaching automobiles on the street and

exchanging objects with individuals in the cars.  When the officers saw Brown get into the driver's

seat of a parked Ford Focus sedan, they attempted to prevent him from departing by blocking the

vehicle with police cruisers.  Brown bailed out of the moving car without disengaging the engine

and began to flee on foot while the car proceeded to collide with one of the police cruisers.  Two

officers gave chase and witnessed Brown remove from his jacket pocket a dark-colored metallic

object that appeared to be a gun and toss it in the direction of a parked van as he fled.  One of the

officers abandoned the pursuit and recovered a black handgun from the sidewalk near the van.

The police apprehended Brown and, upon searching him, found that he had $1,006 (consisting

primarily of $20 bills) in his possession.  An inspection of the Ford Focus revealed a small vial,

---

[1] The facts recited herein are consistent with the testimony at trial and with the memoranda submitted by the defendant and the government in connection with this limited remand.  <u>See generally</u> Def.'s Mem. in Supp. of Lower Sentence at 2-4; Gov't Opp'n to Lower Sentence at 2-3; <u>see also</u> Tr. of Sent. Hr'g at 12-15.

containing 20 milliliters of PCP, stored in a console.

The offense for which Brown was convicted, unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g), carries a maximum prison sentence of ten years.  See 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection ... (g) ... of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.").  Under the then-mandatory Federal Sentencing Guidelines, however, the Court determined that Brown was eligible for a term of imprisonment of no more than ninety-seven months (i.e., eight years and one month) and no less than seventy-eight months (i.e., six and a half years).  That determination was based on the Court's calculation that Brown fell into criminal-history Category III and that his total offense level under the Guidelines was twenty-six, which included two upward adjustments from the base offense level of twenty:  (1) an adjustment of two levels because the handgun was stolen, U.S.S.G. § 2K2.1(b)(4) (2002), and (2) an additional increase of four levels because Brown possessed the firearm in connection with another felony, U.S.S.G. § 2K2.1(b)(5).  These upward adjustments relied on judicial findings of fact established by a preponderance of the evidence, and the latter adjustment reflected the Court's conclusion that, more likely than not, Brown had engaged in conduct for which the jury had acquitted him (possession with intent to distribute PCP).  Tr. of Sent. Hr'g at 16.

With the case now on a limited remand from the court of appeals, defendant has advanced two principal arguments for why this Court should request a full remand for resentencing:  (1) it offends the Sixth Amendment for the Court to consider, as it did, acquitted or uncharged conduct when making factual determinations relevant to selecting the ultimate sentence; and (2) a ninety-six month sentence, even if it falls within the recommended range of the Guidelines, is "greater

than necessary" to achieve the penological goals of the Federal Sentencing Act, see 18 U.S.C. §

3553(a).  The first argument can be dispensed with summarily.  In United States v. Edwards, 427

F. Supp. 2d 17 (2006), this Court examined at length the constitutional implications of

considering acquitted conduct for sentencing purposes and concluded that "enhancement of [a]

sentence for [a] convicted offense based on relevant acquitted conduct proven only by a

preponderance of the evidence does not present a Sixth Amendment violation."  Id. at 24.  For the

reasons fully explained in that opinion, the Court rejects Brown's contention that the Sixth

Amendment, as interpreted in Booker, precludes judicial consideration of acquitted conduct (or,

for that matter, *uncharged* conduct) at sentencing.[2]

 If the Court is correct in its conclusion that there is no constitutional obstacle to the

consideration of acquitted conduct in determining a sentence within the statutorily prescribed

range, the only remaining question is whether, freed from the constraints of the mandatory

---

[2] Furthermore, the Court finds no support for Brown's suggestion that United States v. Joaquin, 326 F.3d 1287 (D.C. Cir. 2003), limits the ability of a sentencing court to consider a defendant's prior arrests for purposes of selecting the proper sentence within the range recommended by the Guidelines.  Joaquin dealt with an interpretation of a specific provision of the Guidelines, U.S.S.G. § 4A1.3, that governs *departures from* the recommended sentencing range, not selection of a sentence *within* the applicable range, and it therefore is not relevant to either the Guidelines calculation or the sentence in this case.  See also U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range ... the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.");  18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.");  U.S.S.G. § 5H1 (specifying offender characteristics that are irrelevant to either "the determination of a sentence" or the determination "whether a sentence should be outside the applicable guideline range," without discussion of an offender's arrest record).  Moreover, although Brown argues that arrest records are not sufficiently reliable to be considered at sentencing, he does not directly challenge the accuracy of the arrest records in his case (i.e., he neither disputes that he was arrested or that he engaged in the conduct underlying the arrests).

Guidelines regime, the Court would have deviated from the sentence it imposed based on any of

the factual or policy considerations that must be taken into account in post-<u>Booker</u> sentences.

Under the post-<u>Booker</u> system, "a sentencing court is required 'to consider Guidelines ranges'

applicable to the defendant, but is permitted 'to tailor the sentence in light of other statutory

concerns as well.'"  <u>United States v. Coumaris</u>, 399 F.3d 343, 351 (D.C. Cir. 2005) (quoting

<u>Booker</u>, 543 U.S. at 245-46).  Specifically, the "other statutory concerns" are those specified in 18

U.S.C. § 3553(a), which instructs judges, "in determining the particular sentence to be imposed,

[to] consider" the following factors (in addition to the Guidelines and the policy statements of the

United States Sentencing Commission):

- "the nature and circumstances of the offense and the history and characteristics of the defendant;"

- the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with rehabilitation, education and training, and other correctional treatment;

- "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

- the need to provide restitution to victims.

<u>See</u> 18 U.S.C. § 3553(a).  The statute directs sentencing courts to utilize these factors to arrive at a

sentence that is "sufficient, but not greater than necessary" to accomplish the stated objectives.

A review of the transcript from the sentencing hearing reveals that the Court addressed

nearly all of these factors -- particularly the nature of the offense, the history and characteristics of

the defendant, and the need for the sentence to reflect the seriousness of the offense, promote

respect for the law, deter criminal conduct, and protect the public from further crimes by the

defendant:

> This is a serious offense ....  There are several other things that go into my assessment.  ... [A]nd I don't discount the desire of Mr. Brown ... to ... again become a productive member of society and to care for his daughter and be with his family.
>
> The things that enter into my assessment include the following:  the seriousness of the offense; the fact that the conditions of release imposed prior to trial were violated, requiring that the defendant be held pending trial; the lengthy record over a relatively short period of time ... of contact with the criminal justice system[,] ... including a serious [adult] conviction in addition to this conviction ....
>
> The juvenile convictions and arrests are relevant in my view, even though they are not part of the criminal history calculation.  I believe that[,] given the amount of contact with the criminal justice system packed into a short period of time, those juvenile occurrences cannot be discounted. ...
>
> [I]t's a fairly lengthy record over a short period of time[,] replete with serious drugs and weapons charges.  The prior violation of probation is relevant for sentencing purposes, in my view.  It's an indication of an unwillingness or an inability to comply with conditions that are imposed[,] and the fact that it was a very short period of time after release before Mr. Brown was again in serious circumstances and trouble with the criminal justice system is as well an important consideration.  When I add all of that up, it does lead to my conclusion that it would be inappropriate to sentence at the bottom of the guidelines range, and it is appropriate to sentence at or near the top of the guidelines range.

Tr. of Sent. Hr'g at 24-25.  The same considerations that justified the Court's exercise of discretion to sentence Brown near the top of the Guidelines range when the Guidelines were still mandatory also support the Court's conclusion that, had it sentenced Brown using the Guidelines in an advisory fashion and taking into account all of the section 3553(a) factors, the same sentence would have been appropriate.[3]  This Court's Booker error thus did not prejudice Brown.

---

[3] As is often the case, some of the section 3553(a) factors are inapposite to defendant's sentence.  For instance, there is no indication in the record that sentencing Brown *within the Guidelines range* (although near the top of it), as the Court did, creates any "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct."  See 18 U.S.C. § 3553(a)(6).  Nor does "the need to provide restitution to any victims of the offense" factor into Brown's sentence for unlawful possession of a firearm.  See 18 U.S.C. § 3553(a)(7).

For the foregoing reasons, and upon consideration of the entire record, the Court confirms that a sentence of ninety-six months imprisonment and a three-year period of supervised release is sufficient, but not greater than necessary, to satisfy the policy objectives reflected in section 3553(a).  Hence, the Court would not have imposed a sentence materially more favorable to defendant had it been fully aware of the post-<u>Booker</u> sentencing regime at the time of sentencing. It is hereby

**ORDERED** that the Clerk of the Court shall transmit a copy of this memorandum opinion and order to the Clerk of the United States Court of Appeals for the District of Columbia Circuit.


_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge


Dated: ___July 18, 2006___


Copies to:

Sarah Townsend Chasson
OFFICE OF THE U.S. ATTORNEY FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC  20530
Email: sarah.t.chasson@usdoj.gov

*Counsel for the United States*


Beverly Gay Dyer
OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF COLUMBIA
625 Indiana Avenue, NW, Suite 550
Washington, DC  20004-2901
Email: beverly_dyer@fd.org

*Counsel for defendant*